IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MARY E. HERRON,
    Plaintiff,

v.                                                    Case No. 5:07cv35/RH/EMT

EASTERN INDUSTRIES, INC., et al.,
    Defendants.
_____/

## ORDER

This cause is before the court upon Defendant David Wall's Motion for Protective Order (Doc. 23) and Plaintiff's response (Doc. 25).  Defendant Wall has also filed a reply to Plaintiff's response (Doc. 28).[1]  In the motion for protective order, filed at approximately 4:00 p.m. C.D.T. on September17, 2007, Defendant Wall seeks an order of this court protecting him from the taking of his deposition on September 18, 2007 (*see* Doc. 23 at 1).  Plaintiff generally opposes the motion and argues that further delay of Defendant Wall's deposition will cause her undue prejudice in her completion of discovery prior to the current October 1, 2007 discovery deadline (*see* Doc. 25 at 1–2).

In the instant motion, Defendant Wall argues that he is entitled to an order of this court protecting him from a deposition scheduled to occur today (*see* Doc. 23 at 1).  He states, through counsel, that he is unavailable for deposition today because he is on a pre-paid vacation and will be out of the jurisdiction between September 18–23, 2007 (*see id.*; Doc. 24 at 4).  Defendant Wall has submitted the affidavit of Tanya Heath, an employee of Defendant Eastern Industries, Inc., to show

---

[1]Local Rule 7.1(C)(2) provides that no reply memoranda shall be filed absent a showing of good cause and upon leave of court.  Defendant Wall's reply (Doc. 28), which shall also be construed as a motion to reply to Plaintiff's response to Defendant Wall's motion, shall be granted to the extent that the court has considered Defendant Wall's reply in ruling on this matter.

that he is currently out of town in Philadelphia (Doc. 24 at 1). Furthermore, Ms. Heath's affidavit contains an airline receipt showing Defendant Wall's departure from Panama City, Florida to Philadelphia, Pennsylvania on September 18 at 9:20 a.m. and return from Philadelphia to Panama City on September 23 at 3:22 p.m. (*see id.* at 4). Defendant Wall argues that he has shown good cause for this court to grant him a protective order because "[t]he trip [to Philadelphia] was pre-paid, and if anyone, it was [Defendant Wall's counsel's] fault in not checking [Defendant Wall's] specific availability when providing . . . dates for [his deposition]" to Plaintiff (*see* Doc. 23 at 3). Defendant Wall also argues that there will be time for Plaintiff to take his deposition before discovery closes on October 1, 2007, and Defendant "Wall will make himself available and will participate fully in the process . . . ." (*see id.*; *see also* Doc. 13 at 1–2 (final scheduling order)).

In response, Plaintiff argues that she has previously agreed to delay Defendant Wall's deposition, and any further delay "will cause Plaintiff severe prejudice in the completion of her discovery prior to the October 1, 2007 deadline" (Doc. 25 at 1). In particular, Plaintiff alleges that she agreed to move Defendant Wall's deposition from September 4, 2007 to September 18, 2007 at Defendant Wall's request (*see id.* at 2; *see also id.*, Attach. 3 at 1 (correspondence between counsel for both parties showing that Defendant Wall's counsel suggested, and Plaintiff's counsel agreed to, September 18, 2007 as the date to reschedule Defendant Wall's deposition)).

The Federal Rules of Civil Procedure allow discovery of any relevant, non-privileged material that is admissible or reasonably calculated to lead to admissible evidence. Fed. R. Civ. P. 26(b)(1). The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. *See* United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958). District courts, however, are given extremely broad discretion in controlling discovery. Crawford-El v. Britton, 523 U.S. 574, 598, 118 S. Ct. 1584, 140 L. Ed. 2d. 759 (1998); Klay v. All Defendants, 425 F.3d 977, 982 (11th Cir. 2005) (citing Perez v. Miami-Dade County, 297 F.3d 1255, 1263 (11th Cir. 2002)). The court may limit discovery by entry of a protective order upon a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). "While Rule 26(c) articulates a single standard for ruling on a motion for

protective order, that of 'good cause,' the federal courts have superimposed a somewhat more demanding balancing of interests approach to the Rule." Farnsworth v. Proctor & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985) (citations omitted).  The burden is upon the movant to show that issuance of a protective order is necessary, which requires a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." United States v. Garrett, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978) (citations omitted).[2]

Further, Rule 26(c), like each of the Federal Rules of Civil Procedure, is to "be construed . . . to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Accordingly, motions for a protective order that seek to prohibit or delay discovery are not favored. Kron Medical Corp. v. Groth, 119 F.R.D. 636, 637 (M.D.N.C. 1988).  In considering such motions, the court must keep in mind its responsibility to expedite discovery and minimize delay. *Id.*

In this case, Defendant Wall states that he seeks a protective order, in part, because "Plaintiff's counsel requested that [he] filed the instant motion if, in fact, [Defendant] Wall cannot attend [the deposition] . . . ." (Doc. 23 at 1).  Given that Defendant Wall did not file the instant motion until about 4:00 p.m. yesterday, the court could not have rendered a reasoned decision concerning Defendant Wall's motion prior to his 9:20 a.m. departure this morning (*see* Docket Entry 23, filing receipt; Doc. 24 at 4).  Further, the court notes that Plaintiff's response to Defendant Wall's motion was not filed until about 9:00 p.m. yesterday (*see* Docket Entry 25, filing receipt), and Defendant Wall's reply to Plaintiff's response to his motion was not filed until about 11:30 a.m. today (*see* Docket Entry 28, filing receipt), apparently after his departure for Philadelphia.  Thus, it is unreasonable for counsel for either party to believe that the court could have considered the instant motion in the time provided.  Moreover, it is apparent that Defendant Wall now seeks an order of this court to avoid a deposition that he had no intention of attending regardless of the court's ruling on the matter, and he seeks a protective order even though his deposition was scheduled on a date he provided to Plaintiff's counsel (*see* Doc. 25, Exs). Accordingly, the court finds that Defendant Wall has not demonstrated good cause for entry of a protective order, and his motion

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

Case No. 5:07cv35/RH/EMT

shall be denied.

In addition, given Defendant Wall's flagrant disregard of Plaintiff's notice setting his deposition,[3] Defendant Wall shall be ordered to appear for deposition <u>at a time and place convenient to counsel for Plaintiff</u> between September 24–28, 2007.  *See* <u>Crawford-El</u>, 523 U.S. at 598; <u>Klay</u>, 425 F.3d at 982 (explaining that district courts are given extremely broad discretion in controlling discovery).

Accordingly, it is **ORDERED**:

1. Defendant Wall's reply (Doc. 25), construed as a motion to reply to Plaintiff's response to Defendant Wall's motion, is **GRANTED** to the extent that the court has considered Defendant Wall's reply in ruling on this matter.

2. Defendant Wall's Motion for Protective Order (Doc. 23) is **DENIED**.

3. Defendant Wall shall appear for deposition at a time and place convenient to counsel for Plaintiff between September 24–28, 2007.

**DONE AND ORDERED** this <u>18</u>th day of September 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[3]The court also notes that Plaintiff apparently subpoenaed Defendant Wall for deposition on September 18, 2007 (*see* Doc. 25 at 3, n.1).

Case No. 5:07cv35/RH/EMT