IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MARY E. HERRON,
    Plaintiff,

v.                                                    Case No. 5:07cv35/RH/EMT

EASTERN INDUSTRIES, INC., et al.,
    Defendants.
_____/

## ORDER

This cause is before the court upon Plaintiff's Motion for Protective Order and/or Motion in Limine to Bar Defendants' Counsel from Questioning Plaintiff's Husband About the Facts and Circumstances of Any Actual or Alleged Affair Between Plaintiff and Defendants' Employee(s) or Other Third Parties (Doc. 19) and Defendants' response thereto (Doc. 22).

I.    BACKGROUND

Plaintiff filed an eight-count complaint against Defendants Eastern Industries, Inc., David Wall, and Brian Bailey alleging, among other things, employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (2006) (*see* Doc. 1 at 10–16). In relevant part, Plaintiff has alleged sexual harassment and retaliation in violation of "the state and federal laws applicable to this action" (*see id.* at 10–11). Plaintiff has also alleged state law claims based on false imprisonment, battery, and assault (*see id.* at 12–16). For relief, Plaintiff seeks monetary damages and an order of the court "mandating Defendants' obedience to the laws enumerated [in her complaint] and providing other equitable relief . . . ." (*id.* at 17). Plaintiff also seeks attorney's fees and costs (*id.*).

II.    DISCUSSION

In the instant motion, Plaintiff seeks an order protecting Plaintiff's husband from questioning by Defendants' counsel concerning the facts and circumstances of any actual or alleged affair

between Plaintiff and "her boss, [Defendant] [] Wall, or between Plaintiff and any other person, during the deposition of Plaintiff's husband" on September 20, 2007 (*see* Doc. 19 at 2; Doc. 22 at 1, n.1). Plaintiff argues that she is entitled to a protective order, or an order baring disclosure or the admissibility of information concerning Plaintiff's alleged affair(s), under Rule 26(c) of the Federal Rules of Civil Procedure; Rules 401, 402, 403, 404, 501, 608, 412, and 611(a)(3) of the Federal Rules of Evidence; or the "inherent power of the [c]ourt to limit or otherwise control discovery and depositions" (*see* Doc. 19 at 1–2). Defendants oppose the entry of a protective order and argue that evidence of an alleged affair with Defendant Wall or other employees of Defendant Eastern Industries is directly relevant to Defendants' defenses, "in particular their defense that Plaintiff welcomed the behavior and sexual relationship" with Defendant Wall or other employees of Defendant Eastern Industries (*see* Doc. 22 at 2).

The Federal Rules of Civil Procedure allow discovery of any relevant, non-privileged material that is admissible or reasonably calculated to lead to admissible evidence. Fed. R. Civ. P. 26(b)(1). The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. *See* United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958). Courts construe relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) (citing Hickman v. Taylor, 329 U.S. 495, 501 (1947)). Relevant information is discoverable even if it is not admissible at trial, "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Federal Rules of Civil Procedure strongly favor full discovery whenever possible. *See id.*; Moore v. Armour Pharmaceutical Co., 927 F.2d 1194, 1197 (11th Cir. 1991). In addition, "discovery is not limited to issues raised by the pleadings." Oppenheimer, 437 U.S. at 351. Finally, discovery is expected to be accomplished voluntarily with minimal judicial intervention. *See* Bell v. Brary and Gillespie, LLC, No. 6:05-CV-355-ORL-19JG, 2006 WL 923741, *1 (M.D. Fla. 2006).

Rule 412 of the Federal Rules of Evidence provides:

**(a) Evidence generally inadmissible.** — The following evidence is not admissible

>  in any civil or criminal proceeding involving alleged sexual misconduct except as provided in subdivisions (b) and (c):
>> (1) Evidence offered to prove that any alleged victim engaged in other sexual behavior.
>> (2) Evidence offered to prove any alleged victim's sexual predisposition.
>
> **(b) Exceptions.** —
>> . . .
>> (2) In a civil case, evidence offered to prove the sexual behavior or sexual predisposition of any alleged victim is admissible if it is otherwise admissible under these rules and its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party. Evidence of an alleged victim's reputation is admissible only if it has been placed in controversy by the alleged victim.

Rule 412 "aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding process." Fed. R. Evid. 412 advisory committee's notes to 1994 amendments. The advisory committee's notes provide that the provisions of Rule 412 apply in Title VII actions in which sexual harassment is alleged. *See id.*; Barta v. City and County of Honolulu, 169 F.R.D. 132, 133, 134–35 (D. Haw. 1996); *see also* Gibbons v. Food Lion, Inc., No. 98-1197-CIV-T-23F, 1999 WL 33226474, at *1 (M.D. Fla. Feb. 19, 1999); Miller v. Sweetheart Cup Co., Inc., No. 1:96:cv111, 1997 WL 33153107, at *1, *3 (N.D. Ga. Oct. 15, 1997). The advisory committee's notes acknowledge, however, that the Rule 412(c) procedures used to determine admissibility "do not apply to discovery of a victim's past sexual conduct or predisposition in civil cases, which will continue to be governed by Fed. R. Civ. P. 26." Fed. R. Evi. 412, advisory committee's notes to 1994 amendments. Regardless, the advisory committee's notes are quick to explain that Rule 412 should still be considered in discovery disputes. *See id.*; *see also* Gibbons, 1999 WL 33226474, at *1–*2.

> In order not to undermine the rationale of Rule 412, however, courts should enter appropriate orders pursuant to Fed. R. Civ. P. 26(c) to protect the victim against unwarranted inquiries and to ensure confidentiality. Courts should presumptively issue protective orders barring discovery unless the party seeking discovery makes a showing that the evidence sought to be discovered would be relevant under the facts and theories of the particular case, and cannot be obtained except through

> discovery.  In an action for sexual harassment, for instance, while some evidence of the alleged victim's sexual behavior and/or predisposition in the workplace may perhaps be relevant, non-workplace conduct will usually be irrelevant . . . . Confidentiality orders should be presumptively granted as well.

Fed. R. Evid. 412 advisory committee's notes to 1994 amendment; *see also* Gibbons, 1999 WL 33226474, at *1–*2 (explaining the same and citing the advisory committee's notes to Rule 412). In Gibbons, the court explained that the majority of district courts that have addressed whether Rule 412 is applicable to discovery have held that it is relevant in the resolution of a discovery dispute. *See* 1999 WL 33226474, at *2; *see also* P.J. Herchenroeder v. John Hopkins Univ. Applied Physical Lab., 171 F.R.D. 179, 181–82 (D. Md. 1997) (looking at both Rule 26 and Rule 412 in resolving discovery motion); Barta, 169 F.R.D. at 135 (holding that "[a]lthough Rule 412 is a rule controlling the admissibility of evidence rather than its discoverability, Rule 412 must inform the proper scope of discovery in this case."); Sanchez v. Zabihi, 166 F.R.D. 500, 501 (D.N.M. 1996) (explaining that "[a]lthough the present motion arises in the context of discovery under Rule 26 of the Federal Rules of Civil Procedure, the Court must remain mindful of Rule 412 and its implications"); Miller, 1997 WL 33153107, at *5 (finding "that while courts must be mindful of Rule 412, the balancing test articulated therein does not directly apply to discovery disputes");  Stalnaker v. KMart Corp., No. 95-2444, 1996 WL 397563 (D. Kan. 1996) (noting that Rule 412 "is applicable and has significance in deciding certain discovery motions.") (citation omitted).

The relevance standard in Rule 26 is the governing standard for discovery, but the court must determine whether the information sought should be subject to discovery in light of the policy underlying Rule 412 that protects victims of sexual misconduct from undue embarrassment and intrusion into their private affairs.  *See* Gibbons, 1999 WL 33226474, at *2 (citing Sanchez, 166 F.R.D. at 502); *see also* Miller, 1997 WL 33153107, at *6 ("The standard is still that articulated in Rule 26 — that is, whether the matter is reasonably calculated to lead to the discovery of admissible evidence.  Thus, whether [the information sought] contain[s] material protected by Rule 412 is not determinative of the issue of discovery").  " 'In recognition of the policy rational for Rule 412, the court must impose certain restrictions on discovery to preclude inquiry into areas which will clearly fail to satisfy the balancing test of Rule 412(b)(2), although the [district] judge will render the decisions on what evidence is ultimately admitted.' "  Miller, 1997 WL 33153107, at *7 (quoting

Barta, 169 F.R.D. at 134–35)) (emphasis in original and modification added); *see also* Gibbons, 1999 WL 33226474, at *3 (determining that information concerning plaintiff's sexual relationships with persons other than those who are/were employees of defendant was prohibited as irrelevant under Rule 26 and unnecessarily intrusive under Rule 412).

In this case, Plaintiff seeks a protective order prohibiting Defendants' counsel from questioning Plaintiff's husband about the alleged affair between Plaintiff and Defendant Wall, other employees of Defendant Eastern Industries, and any other third parties (*see* Doc. 19 at 2; Doc. 22 at 1–2). Defendants' concede that "information regarding [Plaintiff's] past sexual history with persons not employed by Defendant Eastern Industries is not discoverable and/or may not be admissible" (Doc. 22 at 2). Defendants' argue, however, that "evidence as to Plaintiff's sexual relationship with Defendant [] Wall and/or former co-workers at the workplace is discoverable because it is directly relevant" to Defendants' defense that Plaintiff welcomed the behavior and sexual relationship (*see id.*).

In a sexual harassment action, a plaintiff's "conduct at work is relevant and is reasonably calculated to lead to the discovery of admissible evidence." Gibbons, 1999 WL 33226474, at *2; *see also* Barta, 169 F.R.D. at 135 (the sexual conduct of plaintiff "on-duty, at the workplace, and with the named [d]efendants is relevant to the resolution of [plaintiff's] claims and . . . discovery of evidence pertaining to those areas is appropriate"); Sanchez, 166 F.R.D. at 502–03 (plaintiff required to answer an interrogatory concerning her sexual relations with co-workers during the three years proceeding her alleged sexual harassment by defendant); Longmire v. Ala. State Univ., 151 F.R.D. 414, 418 (M.D. Ala. 1992) (parties allowed to discover information regarding the parties' sexual activities at the university); Mitchell v. Hutchinson, 116 F.R.D. 481, 484 (D. Utah 1987) (evidence related to the work environment may have a bearing on what defendant thought was welcome); Weiss v. Amoco Oil Co., 142 F.R.D. 311, 315–17 (S.D. Iowa 1992) (past sexual conduct and history with fellow employees which was known to the alleged harasser was relevant in determining whether actions toward the victim were offensive). Indeed, as Defendants point out, "[t]he gravamen of any sexual harassment claim is that the alleged sexual advances were unwelcome." Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 68 (1986) (internal quotations and citations omitted); *see also* Succar v. Dade County School Bd., 229 F.3d 1343, 1344–45 (11th Cir.

2000) (listing the elements of a Title VII claim for hostile work environment / sexual harassment, including "that the employee was subjected to unwelcome harassment"); Henson v. City of Dundee, 682 F.2d 897, 903–04 (11th Cir. 1982) (same).

In this case, Plaintiff does not deny that her husband "may have some idea of her activities [at work, although] she has not squarely told him" about the alleged affair(s) with Defendant Wall or other employees of Defendant Eastern Industries (*see* Doc. 19 at 3). Moreover, Defendants allege that Plaintiff's husband hates Defendant Wall "and suspected, or in fact had knowledge of, an affair between [Plaintiff] and Defendant Wall" (Doc. 22 at 7). Defendants argue that they are entitled to discover the extent of Plaintiff's husband's knowledge about the affair because such information is relevant and likely to lead to admissible information (*see id.*). The court finds that Plaintiff's husband may have relevant information that is likely to lead to the discovery of other relevant or admissible information concerning Plaintiff's alleged relationship with Defendant Wall or other employees of Defendant Eastern Industries. Given that the information known or likely known by Plaintiff's husband is relevant or likely to lead to other relevant or admissible information, the only question is whether the information likely to be elicited from Plaintiff's husband will clearly fail to satisfy the balancing test of Rule 412(b)(2) and thus be subject to exclusion at trial under the Federal Rules of Evidence. *See* Gibbons, 1999 WL 33226474, at *3; Miller, 1997 WL 33153107, at *7; *see also* Barta, 169 F.R.D. at 134–35.

Rule 412(b)(2) provides, in relevant part, "evidence offered to prove the sexual behavior or sexual predisposition of any alleged victim is admissible if . . . its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party." With regard to probative value, Plaintiff's husband's knowledge, or lack thereof, is very likely to be highly probative of whether Plaintiff's alleged affair with Defendant Wall or other employees of Defendant Eastern Industries was consensual and whether the behavior of Defendant Wall or other employees of Defendant Eastern Industries was unwelcome by Plaintiff. *See, e.g.*, Vinson, 477 U.S. at 68; Succar, 229 F.3d at 1344–45; Henson, 682 F.2d at 903–04. For example, Plaintiff could have claimed that her sexual relationship with her co-worker was unwelcome, even if it was indeed welcome, in an effort to prevent marital discord. Moreover, at the very least, it is clear that Plaintiff's "husband may have some idea of her activities" with Defendant Wall or other employees

of Defendant Eastern Industries. Turning to the danger of harm to Plaintiff, the court notes that the instant complaint and motion have been filed on the public record and are not under seal. *See, e.g.*, Barta, 169 F.R.D. at 133, n.1 (noting that at least one party filed their memorandum concerning plaintiff's alleged sexual conduct under seal). Therefore, the court finds it very unlikely that the danger of harm to Plaintiff is significant given that Plaintiff's husband could easily access the public documents filed in this case to gain information concerning an alleged affair between Plaintiff and Defendant Wall or other employees of Defendant Eastern Industries.[1] In other words, the court does not see how it would be possible, based on the information presently before the court, not to find that the probative value of the information to be elicited from Plaintiff's husband significantly outweighs the danger of harm to any victim and of unfair prejudice to any party. Thus, the evidence to be elicited from Plaintiff's husband is not clearly inadmissible under Rule 412(b)(2), and as such it is subject to discovery by Defendants. Therefore, Plaintiff's motion for a protective order shall be denied.

Plaintiff has also moved for an order excluding the admissibility of the statements to be elicited from Plaintiff's husband on the basis of Rules 401, 402, 403, 404, 501,[2] 608, and 611 of the

---

[1]In fact, the only possible harm Plaintiff alleges in the instant motion is "havoc in Plaintiff's marriage," but she does so in a public document that could easily be accessed by her husband (*see* Doc. 19 at 3). Clearly, Plaintiff's argument that harm will result to her marriage if the allegations of her affair(s) are not kept confidential are belied by the fact that she has made this argument publicly for all the world, including her husband, to see.

[2]The issue of whether Plaintiff's husband's statement may be used at trial is not presently before this court. Thus, the court expresses no opinion on Plaintiff's allegation concerning the marital communications privilege. The court notes, however, that pursuant to the Federal Rules of Evidence, Florida law determines whether the husband-wife privilege protects one spouse from disclosing confidential discussions with the other spouse. *See* Fed. R. Evid. 501. Florida's husband-wife privilege, § 90.504, Florida Statutes (2006), provides in relevant part:

> (1) A spouse has a privilege during and after the marital relationship to refuse to disclose, and to prevent another from disclosing, communications which were intended to be made in confidence between the spouses while they were husband and wife.
> (2) The privilege may be claimed by either spouse or by the guardian or conservator of a spouse. The authority of a spouse, or guardian or conservator of a spouse, to claim the privilege is presumed in the absence of contrary evidence. . . .

In the instant case, Plaintiff explicitly states that "she has not squarely told" her husband about the alleged affair between Plaintiff and Defendant Wall or other employees of Defendant Eastern Industries (*see* Doc. 19 at 3). Thus, it appears that there was no communication between Plaintiff and her husband that was intended to be made in confidence. *See* § 90.504, Fla. Stat.; Fed. R. Evid. 501. Therefore, Plaintiff has not shown that any privileged subject matter exists and should be excluded from discovery. *See* Fed. R. Civ. P. 26(b)(1) (allowing discovery of any relevant, non-privileged

Federal Rules of Evidence (*see* Doc. 19 at 1–2).  Determinations of admissibility of evidence are premature at this stage of the proceedings.  *See* Fed. R. Civ. P. 26(b)(1) (relevant information is discoverable even if it is not admissible at trial); *see also* In re Parmalat Sec. Lit., 239 F.R.D. 361, 361 (S.D.N.Y. 2006) (noting that "it would be premature to make a definitive determination that any testimony [at a pre-trial deposition] necessarily would be admissible in evidence [at trial]"); Biggs v. Nicewonger Co., 897 F. Supp. 483, 484 (D. Or. 1995)) ("[S]pecific rulings as to the admissibility of evidence cannot be made at [the discovery] stage in the proceedings."); Miller, 1997 WL 33153107, at *6 (same).  Thus, to the extent that Plaintiff's motion seeks a ruling on the future admissibility of evidence, her motion shall be denied.

III.   SANCTIONS

The only remaining issue is whether Defendants are entitled to sanctions.  Federal Rule of Civil Procedure 37(a)(4)(B) provides in pertinent part:

> If the [motion for a protective order] is denied, the court . . . shall, after affording an opportunity to be heard, require the moving party or the attorney filing the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(B).  *See also* Fed. R. Civ. P. 26(c) (providing that the provisions of Rule 37(a)(4)  apply to the award of expenses incurred in relation to a motion for protective order).  The rules direct that the court shall impose sanctions against the unsuccessful party under a motion for a protective order unless the motion or a party's opposition to it was "substantially justified" or "that other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(4)(B); *see also* Fed. R. Civ. P. 37(a) advisory committee notes to 1970 amendment; 8A WRIGHT, MILLER & MARCUS, 8A FEDERAL PRACTICE & PROCEDURE: CIVIL 2D § 2288 (2006) ("The greatest operative principle of Rule 37(a)(4) is that the loser pays.").  A "motion is substantially justified if it raises an issue

---

material that is admissible or reasonably calculated to lead to admissible evidence).  Finally, the court expresses no opinion on whether Plaintiff has waived her claim to the marital communications privilege by disclosing that "her husband may have some idea of her activities" in the instant motion.  *See* § 90.507, Fla. Stat. (providing that a "person who has a privilege against the disclosure of a confidential matter or communication waives the privilege if the person . . . voluntarily discloses or makes the communication when . . . she does not have a reasonable expectation of privacy").

Case No.: 5:07cv35/RH/EMT

about which there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." Doe v. Lexington-Fayette Urban County Gov't., 407 F.3d 755, 766 (6th Cir. 2005) (citing Pierce v. Underwood, 487 U.S. 522, 565 (1988)).

In this case, based on the record before it, the court cannot conclude that Plaintiff's motion for protective order was either "substantially justified" or "that other circumstances make an award of expenses unjust." Thus, Defendants are likely entitled to the fees and expenses incurred in opposing the instant motion. Plaintiff, however, will be given an opportunity to be heard on this issue.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Protective Order and/or Motion in Limine to Bar Defendants' Counsel from Questioning Plaintiff's Husband About the Facts and Circumstances of Any Actual or Alleged Affair Between Plaintiff and Defendants' Employee(s) or Other Third Parties (Doc. 19) is **DENIED**.

2. On or before **OCTOBER 2, 2007**, Defendants shall submit documentation of fees or expenses incurred in opposing the instant motion for protective order. Within **TEN (10) DAYS** of receipt of Defendants' documentation, but no later than **OCTOBER 12, 2007**, Plaintiff may file a notice opposing sanctions, in which she may outline any objection she has to the imposition of sanctions or to the reasonableness of the amounts claimed by Defendants, or both.

**DONE AND ORDERED** this 19th day of September 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**